

**Tod S. Chasin**
Counsel

<u>Direct</u>:
t: 212.302.8253
f: 973.538.1984
tchasin@riker.com

489 Fifth Avenue, 33rd Floor
New York, NY 10017-6111

> The request is granted. The initial pretrial conference scheduled for July 17, 2025, is adjourned to August 20, 2025, at 11:00 a.m.
>
> Date: 7/11/25
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

July 10, 2025

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   **J.R. Automation Technologies, LLC v. Vince Lowell and Ben Garvelink
      25-cv-03419 (LJL) -
      LETTER MOTION ON CONSENT TO ADJOURN INITIAL PRETRIAL
      CONFERENCE**

Dear Judge Liman:

We are co-counsel for plaintiff J.R. Automation Technologies, LLC. The Court has issued a Notice of Initial Pretrial Conference dated June 11, 2025, scheduling the initial pretrial conference in this action to proceed by telephone on **July 17, 2025 at 11:00 a.m.**

Pursuant to Fed.R.Civ.P. 26(f), we have conferred with counsel retained to represent the defendants, who are members of the Miller Johnson law firm resident in the Grand Rapids, Michigan offices of that firm, and are copied on this transmittal. In that conference, counsel referred to the parties' pending negotiations concerning a potential resolution of this matter, and/or a consensual transfer of venue to the Western District of Michigan. In view of those negotiations, and the fact that counsel have not yet filed their appearances and respective applications for admission *pro hac vice,* counsel indicated that they preferred not to resolve the pretrial schedule at that time, and instead requested an adjournment of the initial pretrial conference and a concurrent extension of all associated pretrial deadlines. Plaintiff has consented to that request, subject to the disposition of the Court., and submit this letter motion for that relief, pursuant to Paragraphs 1.C. and 1.D. of your Honor's Individual Practices in Civil Cases.

This would be a first adjournment of the initial pretrial conference. No other request to adjourn the conference has been made. Since no proposed Case Management Plan and Scheduling Order has been submitted to date, there have been no deadlines set by the Court that would be impacted by the granting of this adjournment request. For the convenience of the

Hon. Lewis J. Liman, U.S.D.J.
July 10, 2025
Page 2

Court, we are also attaching a "blank" interim draft of an appropriate Case Management Plan and Scheduling Order.

    We thank the Court for its consideration of this matter.

                        Very truly yours,

                        *s/ Tod S. Chasin*

                        *Tod S. Chasin*

TSC:

cc:    *Timothy P. Monsma, Esq.*
       *Lead Counsel for Plaintiff*
       *via e-mail to* tpmonsma@varnumlaw.com

       D. Andrew Portinga, Esq.
       Counsel for Defendants
       *via e-mail to* portingaa@millerjohnson.com

       Amanda L. Rauh-Bieri, Esq.
       Counsel for Defendants
       *via e-mail to* rauhbieria@millerjohnson.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

J.R. AUTOMATION TECHNOLOGIES, LLC, a
Delaware limited liability company.              Case No.: 1:25-cv-03419

                 Plaintiff,

    v.

VINCE LOWELL, and BEN GARVELINK,         **CASE MANAGEMENT PLAN**
                Defendants.         **AND SCHEDULING ORDER**


LEWIS J. LIMAN, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties [consent _____ / do not consent __X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have ____ / have not __X___] conferred pursuant to Federal Rule of Civil Procedure 26(f).[1]

3. The parties [have ____ / have not __X___] engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than _____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the

---

[1] As set forth in Plaintiff's Letter Motion on Consent to Adjourn Initial Pretrial Conference, filed contemporaneously herewith, Defendants are represented by the Miller Johnson firm in Grand Rapids, Michigan. Counsel for the parties have discussed this case, as well as the potential for resolution of this matter, and/or a potential consensual transfer of venue to the Western District of Michigan. In view of those discussions, and the fact that defense counsel have not yet filed their appearances and respective applications for admission *pro hac vice*, counsel indicated that they preferred not to resolve the pretrial schedule at that time, and instead requested an adjournment of the initial pretrial conference and a concurrent extension of all associated pretrial deadlines. In the meantime, the Defendants have waved service, and the parties have agreed to a response deadline of August 18, 2025. Counsel anticipate submitting an updated Case Management Order, with proposed dates and deadlines, after defense counsel has had an opportunity to appear and respond to the Complaint.

event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

**Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed no later than _____. [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a. Initial requests for production of documents shall be served by _____.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by _____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d. Depositions shall be completed by _____.

    e. Requests to Admit shall be served no later than _____.

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by _____.
[*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

2

9.  All discovery shall be completed no later than _____.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

11. A post-discovery status conference shall be held on: _____ at ____. A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than _____.
    [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery*.]

13. This case [is ____ / is not ____] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is _____.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.  ____ Referral to a Magistrate Judge for settlement discussions.

    b.  ____ Referral to the Southern District's Mediation Program.

    c.  ____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

Counsel for Parties:

Timothy P. Monsma (Pro Hac Vice)
Varnum LLP
Attorneys for Plaintiff
333 Bridge St. NW
Grand Rapids, MI 49504
616.336.6000
tpmonsma@varnumlaw.com

Dated: July 10, 2025
       New York, New York

                                        _____
                                        LEWIS J. LIMAN
                                        United States District Judge

27625934.1

4